**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

KEVIN TAROD CROSBY,      )
                               )     Case No. 2:22-cv-00423
         *Petitioner*,      )
                               )
        v.                  )     Magistrate Judge Kezia O. L. Taylor
                               )
PENNSYLVANIA BOARD OF      )
PROBATION & PAROLE,      )
                               )
        *Respondent*.      )

**<u>MEMORANDUM OPINION</u>**[1]

     Currently pending before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Kevin Tarod Crosby ("Petitioner") pursuant to 28 U.S.C. § 2254. ECF No. 3. The Petition challenges the recalculation of Petitioner's maximum sentence date after the Pennsylvania Board of Probation and Parole ("the Board") recommitted Petitioner as a convicted parole violator.

### A. <u>Relevant Background</u>

     Petitioner, who was serving a three-to-six-year sentence for a robbery conviction obtained in 2016, was released on parole on January 15, 2019. ECF No. 7-1 at 2-5. At that time, his original maximum sentence date was January 15, 2022. *Id*. at 5.

     While on parole, Petitioner was arrested during a traffic stop in Allegheny County on August 11, 2020, and he was charged with several firearm offenses as well as driving on a

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

suspended license.  *Id*. at 6-9.  As a result of those charges, the Board issued a warrant to commit and detain Petitioner for violating his parole.[2]  *Id*. at 10.

Petitioner was convicted on the new charges out of Allegheny County, and he was subsequently sentenced to a term of seven years of probation.  *See Commonwealth v. Crosby*, CP-02-CR-0009026-2020 (Allegheny Cty. Ct. of Com. Pleas).  As a result of that conviction, and by a decision of the Board recorded on October 14, 2021, Petitioner was recommitted as a convicted parole violator to serve his unexpired term and his maximum sentence date was recalculated as January 2, 2023.  ECF No. 7-1 at 11-12.

Petitioner filed an administrative appeal challenging the Board's authority to recalculate his maximum sentence date, and the Board affirmed its decision in a letter dated December 15, 2021.  *Id*. at 13-16.  There is nothing in the record to suggest that Petitioner further challenged the Board's decision, and this Court was unable to find evidence that Petitioner filed a petition for review of the Board's decision with the Commonwealth Court of Pennsylvania.

Petitioner initiated these federal habeas proceedings in March 2022, and the Board filed its response to the habeas petition on June 9, 2022.  ECF Nos. 1 and 7.

**B.  Discussion**

First, Respondents correctly argue that Petitioner failed to exhaust his state remedies as required by 28 U.S.C. § 2254(b)(1).  To properly exhaust a claim involving a determination of the Board, a habeas petitioner must first seek administrative review with the Board itself, and then further review in the Commonwealth Court and the Pennsylvania Supreme Court.  *See* 37

---

[2] Petitioner was previously arrested and charged in connection with an incident that occurred in April 2019.  However, Petitioner was released after those charges were nolle prosed on November 19, 2019.  *See* ECF No. 7-1 at 8.

Pa. Code § 73.1 (Appeals and petitions for administrative review); 42 Pa. C.S. § 763 (Direct appeals from government agencies); *Williams v. Wynder*, 232 F. App'x 177, 181 (3d Cir. 2007) (a petitioner is required to exhaust his available state remedies by filing a petition for allowance of appeal in the Pennsylvania Supreme Court following the Commonwealth Court's adverse decision).  Petitioner did not exhaust his state remedies because he did not seek further review following the Board's administrative decision issued on December 15, 2021.  Since any attempt to seek such review now would be untimely, his claim before this Court is procedurally defaulted.  However, for the reasons set forth below, Petitioner's claim merits no relief.

Petitioner's sole claim for relief challenges the Board's authority to recalculate his maximum sentence after he was recommitted as a convicted parole violator.  Liberally construed, Petitioner essentially claims that the Board's statutory established right to extend a parolee's maximum sentence under 61 Pa. C.S. § 6138(a)(2)[3] is violative of the judiciary's constitutionally established sentencing power under Article 5, section 1 of the Pennsylvania Constitution.  *See* ECF No. 3 at 4.  As such, Petitioner appears to equate the denial of credit for time served on parole upon recommitment for the commission of a subsequent offense as an unlawful increase of the judicially mandated sentence.

Insofar as Petitioner is challenging the Board's authority to recommit him for the balance of his original sentence without giving him credit for the period he was at liberty on parole as being in direct conflict with Article 5, section 1 of the Pennsylvania Constitution, his claim is not

---

[3] This statute states that for convicted parole violators whose parole has been revoked, "the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted and, except as provided . . . , shall be given no credit for the time at liberty on parole."  Pa. C.S.A. § 6138(a)(2).

one that is cognizable in these federal habeas proceedings.  In this regard, the habeas statute provides that a federal court cannot entertain a habeas petition on any ground other than that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Federal courts cannot grant habeas relief based on violations of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Additionally, and important here, federal habeas courts lack authority to review alleged violations of state constitutions.  *See Reinert v. Larkins*, 379 F.3d 76, 94 n.4 (3d Cir. 2004) ("[W]e, as a federal court sitting in habeas jurisdiction, would not have the authority to review a violation of the state constitution.").  As such, any challenge to Petitioner's custody based on this argument is simply not cognizable.  *See*, *e.g.*, *Black v. PA Parole Board*, 2019 WL 1714478, at *7 (M.D. Pa. Jan. 30, 2019).

Nevertheless, this Court notes that this argument has been specifically rejected by the Pennsylvania Supreme Court.  In *Young v. Com. Bd. of Prob. and Parole*, 409 A.2d 843 (Pa. 1979), the court explained that the Board's recalculation of a parole violator's maximum sentence is not a modification of his judicially imposed sentence, but instead a requirement that he serve his entire original sentence.  It therefore held that the Board's power to deny credit for "street time" is "not an encroachment upon the judicial sentencing power."  *Id*. at 848.  Indeed, the Commonwealth Court has repeatedly cited to and relied on *Young* when denying the same separation of powers challenge brought by convicted parole violators.  *See e.g.*, *Edmondson v. Pennsylvania Parole Bd.*, 2022 WL 2713204, at *2 (Pa. Commw. Ct. July 13, 2022) ("It is well settled that the Parole Board does not violate the separation of powers doctrine when it recalculates a [convicted parole violator's] maximum sentence date.").

4

Here, the Board properly recalculated Petitioner's maximum sentence date when he was recommitted as a convicted parole violator, and in denying Petitioner credit for time spent at liberty on parole the Board did not extend or modify Petitioner's judicially imposed sentence. Rather, the recalculated sentence date required that he serve the remainder of his original sentence. As such, the Board acted within its authority and there was no usurpation of the judicial function of sentencing.

Finally, the Court notes that Petitioner cites to several Pennsylvania state cases for unknown authority. However, the holdings of those cases do not appear to apply to Petitioner.

**C.  Certificate of Appealability**

AEDPA codified standards governing issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals form . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by the State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2).

Petitioner has not met the requisite showing for the issuance of a certificate of appealability. A separate Order will issue.

Dated:  June 11, 2024.


/s/ Kezia O. L. Taylor
KEZIA O. L. TAYLOR
United States Magistrate Judge

Cc:   Kevin Tarod Crosby
MU0626
SCI Pine Grove
189 Fyock Road
Indiana, PA  15701

Counsel for Respondent
(Via CM/ECF electronic mail)